T.C. Memo. 2003-249


UNITED STATES TAX COURT


JAMES CHRISTIAN JENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12930-01.                    Filed August 19, 2003.


James Christian Jensen, pro se.

<u>Paul K. Voelker</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CHIECHI, <u>Judge</u>:  Respondent determined a $106,445 deficiency

in, and a $21,287.60 accuracy-related penalty under section

6662(a)[1] on, petitioner's Federal income tax for 1998.

---

[1]All section references are to the Internal Revenue Code in
effect for the year at issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

The issues remaining for decision are:

(1) Is petitioner required to include in his gross income for the year at issue certain distributions from his retirement plan (retirement plan distributions) that he received during that year? We hold that he is.

(2) Is petitioner entitled for the year at issue to a deduction for a claimed loss with respect to his radiology practice? We hold that he is not.

(3) Is petitioner liable for the year at issue for the 10-percent additional tax under section 72 with respect to his retirement plan distributions that he received during that year? We hold that he is.

(4) Is petitioner liable for the year at issue for the accuracy-related penalty under section 6662(a)? We hold that he is.

FINDINGS OF FACT

Many of the facts have been stipulated and are so found.

At the time he filed the petition in this case, petitioner resided in Henderson, Nevada.

During 1998, petitioner received from Vanguard Fiduciary Trust Co. (Vanguard) two retirement plan distributions in the amounts of $131,555 ($131,555 retirement plan distribution) and $42,704 ($42,704 retirement plan distribution), respectively. Vanguard issued to petitioner Form 1099-R, Distributions From

Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. (Form 1099-R), with respect to each of those distributions.

On March 3, 1998, petitioner deposited the $131,555[2] retirement plan distribution that he received from Vanguard into a certificate of deposit in his name at American Savings Bank in Honolulu, Hawaii (Bank). (We shall refer to that certificate of deposit as petitioner's American Savings Bank CD.) On March 31 and April 2, 1998, the Bank credited petitioner's American Savings Bank CD with interest of $501.71 and $34.60, respectively. On April 6, 1998, petitioner withdrew the entire balance of $132,092.20 from petitioner's American Savings Bank CD.

For an undisclosed period of time, petitioner, who received a medical degree, operated a radiology practice. On May 25, 1997, that practice was closed.

Petitioner timely filed Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents (return), for his taxable year 1998. That return reported no income and no tax liability and claimed no prepayment credits.

Respondent issued a notice of deficiency (notice) to peti-

---

[2]The actual amount that petitioner deposited into petitioner's American Savings Bank CD was $131,555.89. One of the Forms 1099-R that Vanguard issued to petitioner for 1998 showed a retirement plan distribution of $131,555. The record does not explain the 89-cent discrepancy between the $131,555.89 deposited into the American Savings Bank CD and the $131,555 retirement plan distribution shown in Form 1099-R issued to petitioner.

tioner with respect to his taxable year 1998. In that notice, respondent determined, inter alia, that petitioner is required to include in his gross income the two retirement plan distributions totaling $174,333 that he received from Vanguard during that year. Respondent also determined in the notice that petitioner is liable for the 10-percent additional tax under section 72 with respect to those distributions. Respondent further determined in the notice that petitioner is liable for the accuracy-related penalty under section 6662(a).

OPINION

Respondent does not dispute that section 7491 applies in the instant case. With respect to section 7491(a), respondent maintains that petitioner has not complied with section 7491(a)(2)(B) and that therefore the burden of proof with respect to respondent's deficiency determination for the year at issue does not shift to respondent. On the instant record, we agree with respondent. With respect to section 7491(c), respondent has the burden of production with respect to the accuracy-related penalty under section 6662(a) that respondent determined in the notice. Petitioner failed to report as part of his gross income for 1998 the two retirement plan distributions that he received from Vanguard during that year.[3] On the instant record, we find

---

[3]We note that petitioner concedes that he received certain dividend income during the year at issue.

that respondent has satisfied respondent's burden of production with respect to that penalty.

We turn first to the two retirement plan distributions that petitioner received during 1998 and that he did not report as income for that year. It is petitioner's position that he was not required to report those distributions as income for the year at issue because he timely transferred, or rolled over, those distributions into an eligible retirement plan.[4] In support of his position, petitioner relies on his testimony and two exhibits. We are unwilling to accept that evidence as establishing petitioner's position regarding his retirement plan distributions. Petitioner's testimony was general, conclusory, vague, and uncorroborated. In this connection, petitioner could not even recall what happened to the $132,092.20 that he withdrew from petitioner's American Savings Bank CD on April 6, 1998. As for the two exhibits on which petitioner relies, those exhibits show only that on March 3, 1998, petitioner purchased from the Bank a certificate of deposit in the amount of $131,555 and that on April 6, 1998, he withdrew that amount, as well as interest credited thereto. The record contains no evidence as to what

---

[4]Although not altogether clear, petitioner may be arguing that he rolled over only the $131,555 retirement plan distribution and not the $42,704 retirement plan distribution. Because the record is not altogether clear on this point, we shall proceed on the assumption that both of those distributions are at issue in this case.

happened to the $132,092.20 that petitioner withdrew from petitioner's American Savings Bank CD on April 6, 1998.  On the record before us, we find that petitioner has failed to carry his burden of establishing that he timely transferred, or rolled over, the retirement plan distributions in question into an eligible retirement plan.  On that record, we sustain respondent's determination to include those distributions in petitioner's gross income for the year at issue.

We turn next to petitioner's claim that he is entitled for 1998 to a deduction for a claimed loss with respect to his radiology practice.  Although we are satisfied from the record that petitioner's radiology practice was closed on May 25, 1997, no reliable evidence in the record explains why that practice was closed.  In fact, the record does not even establish whether petitioner carried on his radiology practice in corporate form, in partnership form with one or more other physicians, or as a sole proprietor.  In addition, much of the documentation on which petitioner relies to support his claimed loss for 1998 relates to years other than 1998.[5]  On the record before us, we find that petitioner has failed to carry his burden of establishing that he

_____

[5]One of the documents upon which petitioner relies to support his claimed loss for the year at issue is a self-serving, uncorroborated document prepared by petitioner, in which he listed various items that he contends were related to his radiology practice and various dollar amounts with respect to such items.

is entitled for the year at issue to a deduction for his claimed loss with respect to his radiology practice.

We turn now to the 10-percent additional tax under section 72(t) that respondent determined for the year at issue with respect to the retirement plan distributions that petitioner received from Vanguard during that year. Petitioner acknowledges that if the Court were to find that he must include those distributions in his gross income for the year at issue, he is liable for the 10-percent additional tax under section 72. We have found that petitioner is required to include in his gross income for the year at issue the retirement plan distributions in question. On the record before us, we find that petitioner is liable for the 10-percent additional tax.

We turn finally to the accuracy-related penalty under section 6662(a). Petitioner acknowledges that if the Court were to find that he must include the retirement plan distributions in question in his gross income for the year at issue and that he is not entitled to a deduction for his claimed loss with respect to his radiology practice, he is liable for the accuracy-related penalty under section 6662(a). We have found that petitioner is required to include in his gross income for the year at issue those distributions and that he is not entitled for that year to any such deduction. On the record before us, we find that petitioner is liable for the year at issue for the accuracy-

related penalty.

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.